1  NICHOLAS M. WAJDA (State Bar No. 259178)
2  Attorney Email Address: nick@wajdalawgroup.com
   WAJDA LAW GROUP, APC
3  11400 West Olympic Boulevard, Suite 200M
   Los Angeles, California 90064
4  Telephone: 310-997-0471
   Facsimile: 866-286-8433
5  E-Mail: nick@wajdalawgroup.com
6  *Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE B. LEYVA,<br><br>         Plaintiff,<br><br>     v.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>         Defendant. | Case No. 2:19-cv-04693<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**NOW COMES**, SKYE B. LEYVA ("Plaintiff"), through her counsel, WAJDA LAW GROUP, APC, complaining as to the conduct of WESTERN DENTAL SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

**JURISDICTION AND VENUE**

1

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, Plaintiff resides in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a dental and oral health maintenance organization. Defendant's principle office is located at 530 South Main Street Orange, California 92868.

**FACTS SUPPORTING CAUSE OF ACTION**

7. In 2013, Plaintiff received dental services from Defendant. Specifically, Plaintiff obtained braces through Defendant's dental services.

8. Plaintiff was making timely payments on her braces. Due to unforeseeable financial hardships, Plaintiff was no longer able to continue making payments resulting in an outstanding balance ("subject debt").

9. Plaintiff ultimately defaulted on the subject debt.

10. Thereafter, Defendant sent Plaintiff's account to collections without her knowledge, or any notification from Defendant.

11. Plaintiff began experiencing abnormal oral pain due to her old wiring.

12. Plaintiff returned to Defendant's facility in order to receive treatment for her oral pain.

Defendant's representative informed Plaintiff that she could no longer receive treatment at Defendant's facility due to the subject debt. Defendant's representative then provided Plaintiff with the contact information of the collection agency that her account was sent to. Defendant's representative explained to Plaintiff that she would be able to receive treatment once the subject debt is satisfied.

13. Plaintiff immediately contacted the collection agency and spoke with an individual by the name of Miguel. Miguel explained to Plaintiff that the subject could be satisfied with three payments of $500.00. Plaintiff explained to Miguel that she is unemployed and her son is autistic and that every bit of her money goes to his treatment. Miguel explained that the payment plan was Plaintiff's only option.

14. Thereafter, Plaintiff hired Lexington law in order to help fix her credit. After several months, Lexington Law was able to fix Plaintiff's credit with regard to the subject debt. Lexington Law assured Plaintiff that her account with Defendant was handled.

15. In the fall of 2018, Plaintiff again began to receive treatment from Defendant.

16. In or around February 2018, Plaintiff began receiving calls to her cellular telephone number (562) XXX-8131 from Defendant.

17. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone ending in 8131.

18. In or around April 2019, Plaintiff answered a phone call to her cellular telephone from Defendant. During that call, Plaintiff explained her situation and history to Defendant's representative. Defendant communicated to Plaintiff that the subject debt still existed and Plaintiff must make a payment on the subject debt. After a lengthy conversation with Defendant, Plaintiff demanded that Defendant cease placing calls to her cellular phone.

19. Plaintiff's demand that Defendant's phone calls cease went unheeded and Defendant

continued its phone harassment campaign.

20. Notwithstanding Plaintiff's request that Defendant's automated calls cease, Defendant placed or caused to be placed numerous harassing automated calls to Plaintiff's cellular telephone between April 2019 and present day.

21. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

22. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

23. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

24. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

25. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

26. The phone number that Defendant most often used to contact Plaintiff was (866) 620-8390 but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

**DAMAGES**

27. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

28. Plaintiff has expended time consulting with her attorneys as a result of Defendant's

unconscionable conduct.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

32. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

33. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

5

34. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

35. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between April 2019 and the present day, using an ATDS without her prior consent.

36. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

37. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

38. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

39. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff SKYE B. LEYVA respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);
   c. Enjoining Defendant from contacting Plaintiff; and
   d. Award any other relief as the Honorable Court deems just and proper.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

43. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

44. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a.  Violation of Cal. Civ. Code § 1788.11(d)**

45. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(d), states that a debt collector may not cause "a telephone to ring repeatedly or continuously to annoy the person called."

46. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demand was done with the purpose of annoying Plaintiff into paying the subject debt.

47. Defendant disregarded Plaintiff's request, and continued its calls to Plaintiff, with the goal of annoying Plaintiff into paying the subject debt.

**b.  Violations of RFDCPA § 1788.11(e)**

48. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

49. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular telephone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular telephone despite her demand was unreasonable and harassing. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, shows that Defendant willfully ignored Plaintiff's

pleas with the intent of harassing her.

50. Furthermore, Defendant relentlessly contacted Plaintiff numerous times. Placing such voluminous calls in short succession constitutes conduct that is unreasonable and harassing in an attempt to harass Plaintiff into making payment in violation of the RFDCPA.

51. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff SKYE B. LEYVA respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: May 30, 2019                                                              Respectfully submitted,


By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com